**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

GREGORY DEAR                                                      PLAINTIFF

VS.                                           CIVIL ACTION NO. 2:10cv115-MTP

DR. RONALD WOODALL                                               DEFENDANT

## SCHEDULING AND CASE MANAGEMENT ORDER

The parties appeared and participated in an omnibus hearing before the undersigned

United States Magistrate Judge on December 8, 2010.  Plaintiff appeared *pro se*, and Vardaman

Smith appeared on behalf of Defendant Ronald Woodall.  The Court scheduled this hearing for

the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing;

and a discovery conference.  The Court's purpose in conducting the hearing is to ensure the just,

speedy and inexpensive determination of this *pro se* prisoner litigation.  After due consideration

of the issues involved in this case and the requests for discovery,

**THE COURT DOES HEREBY FIND AND ORDER AS FOLLOWS**:

### JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff's claims occurred

while he was a post-conviction inmate at the South Mississippi Correctional Institution

("SMCI"), where he is currently incarcerated.  Plaintiff's claims were clarified and amended by

his sworn testimony during the *Spears* hearing;[2] accordingly, only the following claims remain

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2]*See Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec.
2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and

pending before the Court and no further amendments will be allowed absent a showing of good cause so that this case may proceed to disposition:

Plaintiff alleges a claim against Defendant Ronald Woodall for the denial of adequate medical treatment in violation of the Eighth Amendment.  Specifically, Plaintiff claims that he has suffered with asthma all his life, but was doing fine as long as he was on Albuterol.  In December 2009, his medication was changed from Albuterol to Ventolin Sulfate (apparently a generic drug), allegedly to save the state money.  He claims the new medication does not work and that he is allergic to sulfur, an ingredient in the new medication.  He claims he submitted numerous sick call requests to SMCI medical staff complaining about the medication and requesting his old medication, but his requests were ignored.  He claims that Dr. Woodall, as the medical director at SMCI, makes the decisions on how to treat Plaintiff.

Plaintiff testified that he does not seek any monetary damages; he only wants to be provided with his original medication, Albuterol.

## DISCOVERY AND OTHER ISSUES

1.      Plaintiff filed a Motion to Compel [16] seeking a copy of his medical records from the MDOC, University Medical Center, and the Rankin Health Care Center.  Plaintiff's Motion [16] is granted in part and denied in part.  Dr. Woodall is required to produce a copy of Plaintiff's medical records in his possession or control.  However, Dr. Woodall is not required to obtain medical records from outside sources, although Plaintiff is free to do so.  During the hearing Dr. Woodall produced a copy of Plaintiff's medical records from SMCI up through November 1, 2010.  Dr. Woodall is required to supplement his production with any medical

allegations made at *Spears* hearing supersede claims alleged in complaint).

records dated November 1, 2010 to the present and shall also produce Plaintiff's sick call requests to the extent they were not included in the production.  Dr. Woodall shall supplement his production to Plaintiff within thirty days.

2.      There are no other discovery issues pending at this time.  The discovery allowed herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Federal Rules of Civil Procedure 26(b)(1).

3.      The deadline for filing motions (other than motions *in limine* and motions based on the exhaustion of administrative remedies) is February 28, 2011.

4.      Plaintiff's failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED AND ADJUDGED this the 8th day of December, 2010.

s/ Michael T. Parker
United States Magistrate Judge