IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GREGORY DEAR                                                                                        PLAINTIFF

VS.                                                          CIVIL ACTION NO. 2:10cv115-MTP

RONALD WOODALL                                                                              DEFENDANT

### ORDER

This matter is before the court *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2)[1] and on Plaintiff's Emergency Motion to Immediately Reinstate Medications [29]. Having considered the Plaintiff's Motion [29] and Defendant's Response [30], the court finds that the Motion [29] should be denied. Further, having reviewed the complaint and the applicable law, and having considered Plaintiff's testimony given at his *Spears*[2] hearing, the court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted.

---

[1] Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). Section 1915(e)(2) states as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Plaintiff's *Spears* hearing took place on December 8, 2010.

Accordingly, Plaintiff's complaint should be dismissed with prejudice and the Defendant's Motion to Dismiss for Failure to Exhaust [20] should be denied as moot.

Plaintiff Gregory Dear, an inmate at South Mississippi Correctional Institution ("SMCI"), filed the instant matter pursuant to 42 U.S.C. § 1983 on May 11, 2010.  Plaintiff's claims were clarified and amended by his sworn testimony during the *Spears* hearing.[3]  Plaintiff alleges that Defendant Ronald Woodall, a doctor at SMCI, denied him adequate medical treatment in violation of the Eighth Amendment.  Specifically, he claims that he has suffered with asthma all his life, but was doing fine as long as he was on Albuterol.  In December 2009, his medication was allegedly changed from Albuterol to Albuterol Ventolin Sulfate,[4] allegedly to save the state money.  He claims the new medication does not work and that he is allergic to sulfur, an ingredient in the new medication.  He claims he submitted numerous sick call requests to SMCI medical staff complaining about the medication and requesting his old medication, but his requests were ignored.  He claims that Dr. Woodall, as the medical director at SMCI, makes the decisions on how to treat Plaintiff.

In his Emergency Motion to Immediately Reinstate Medications [29], Plaintiff asks the court to reinstate his medications until the instant case is resolved.  He claims that Defendant has ordered that all his medications be discontinued and has forged his name on some treatment refusal forms in retaliation for Plaintiff filing the instant action.  However, the Plaintiff's exhibits

---

[3]*See Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[4]Ventolin is a brand name for Albuterol.  *See* http://www.webmd.com/drugs/mono-761-ALBUTEROL+SALBUTAMOL+INHALER+-+ORAL.aspx?drugid=7082&drugname=ventolin+inhl.

do not support his allegations that his signature was forged, but rather reflect that he would not sign the treatment refusal forms. Further, the treatment refusal form and accompanying chart notes are dated May and April 2010, months prior to the *Spears* hearing. *See* Exs. A, B, D, F-G to Motion [29]. Thus, they do not support Plaintiff's claim that his medications were recently discontinued and that Plaintiff is entitled to emergency relief.

In his Response [30] and attached Affidavit [31-1], Dr. Woodall states that Plaintiff is being provided, or at least offered, Albuterol (the generic for Ventolin) and Q-var (a steroid inhaler), the appropriate medication for his condition, and that Plaintiff has been refusing to come to the chronic care clinic for follow-up.

Plaintiff has failed to state a claim for deliberate indifference against Dr. Woodall and has failed to show that he is entitled to "emergency" relief. "Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 F. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 F. App'x at 965 (quoting *Domino*, 239 F.3d at 756).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006).

Based on the evidence before the court, including Plaintiff's sworn testimony during his *Spears* hearing, Plaintiff was never denied medical treatment. Rather, he disagrees with the treatment he received, which does not amount to a constitutional violation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001) (holding that a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs"). Plaintiff further testified during his *Spears* hearing that Dr. Woodall did not make the decision to change his medication, but makes the ultimate decisions on how inmates are treated. The court finds that Plaintiff has failed to establish that Dr. Woodall was deliberately indifferent to his serious medical needs. *See Davidson*, 91 F. App'x at 965 (citing *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999)) ("Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983."). Accordingly,

IT IS, THEREFORE, ORDERED:

1. Plaintiff's Emergency Motion to Immediately Reinstate Medications [29] is

DENIED.

2. Plaintiff's deliberate indifference claim against Dr. Woodall is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. Defendant's Motion to Dismiss for Failure to Exhaust [20] is denied as moot.

4. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED AND ADJUDGED this the 30th day of June, 2011.

s/ Michael T. Parker
United States Magistrate Judge